CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 25 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL RHODES,<br>    Plaintiff, | Civil Action No. 7:05-CV-00609 |
| v. | **MEMORANDUM OPINION** |
| DR. THOMPSON, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Paul Rhodes, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants have failed to provide him with adequate medical care in violation of the Eighth Amendment. Rhodes seeks $ 200,000 in damages and injunctive relief. The court finds that Rhodes has failed to state a claim upon which the court may grant relief; therefore, the court dismisses the action pursuant to 28 U.S.C. § 1915A(b)(1),[1] which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.

### I.

Rhodes alleges that on or about March 27, 2005, he began suffering from severe stomach pain but that the defendants have refused to conduct the tests or examinations necessary for diagnosis and refuse to refer him to another medical center for treatment or examination. He claims that his condition has rendered him unable to eat regularly and has caused him to lose weight. In support of his claims, Rhodes has submitted his medical records, which include doctors' and nurses' notes and the results of blood work and x-ray tests. Those records reveal that

---

[1] The court conditionally filed this action on October 4, 2005, and directed plaintiff to amend his complaint to provide more details about his medical condition and the allegedly insufficient medical treatment he received. Rhodes submitted a more detailed description of his medical claim as well as his medical records, blood work/lab results, and x-ray results pertaining to his alleged condition.

since his first complaint on March 27, 2005, members of the medical staff have examined Rhodes on 24 separate occasions. Doctors have diagnosed him with gastrointestinal esophageal reflux disease ("GERD"). He has had five separate blood analyses, a urinalysis, and x-rays, and doctors have prescribed at least three digestive aids. Though Rhodes complains of weight loss, his medical records indicate that he has lost less than three pounds in the past year, and, despite his alleged symptoms, Rhodes has continued to participate in recreational activities. However, Rhodes claims that he has reviewed the "Merck Manuel of Medical Information" and believes he may have a peptic ulcer or stomach cancer and that additional medical testing is necessary.

## II.

In order to establish a claim of deliberate indifference under the Eighth Amendment, a plaintiff must show that defendants knew of but disregarded an objectively serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Disagreements between an inmate and medical personnel over diagnosis or course of treatment or allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Rhodes does not deny that the medical staff has examined him on numerous occasions, has rendered a diagnosis, and has administered treatment. Thus, his claims amount to nothing more than a patient-doctor disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Rhodes has failed to state a claim and dismisses his suit.

## III.

For the reasons stated herein, the court dismisses Rhodes' suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This 25th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE